The United States Court of Appeals for the Federal Circuit is now open and in session. God save the United States and this honorable court. Good morning everyone. The first argued case this morning is number 19-1882 Harrington against the Department of Veterans Affairs. Mr. Fowler. Good morning, your honors, and may it please the court. The court's recent decision in Sayers controls the outcome in this appeal. In particular, Sayers confirms Mr. Harrington's position that the entire decision of the board, including the penalty, must be reviewed and be supported by substantial evidence. Sayers makes that clear in several places, but in particular, for example, at page 1379, we hold that 714 requires the board to review for substantial evidence the entirety of the VA's removal decision, including the penalty. This is in direct response to many of the government's arguments in the response brief where they said that only the underlying charge need be reviewed for substantial evidence. It's now clear that that's not the case. Do you understand the government to differ with you on the need for a remand under Sayers to address the proper standard under 714 if that's what we hold applies here? It appears from the government's response to the Rule 28J letter that they think Sayers is not applicable because it turned on the retroactivity issue, and they argue that we waived that issue. But Sayers directly confronts the issue whether the decision includes the penalty, and that was, of course, directly confronted by our briefs. So it's not clear that they've really addressed whether a remand versus a reversal is appropriate. I think they've, in their red brief, have stated that they think the court could affirm the judgment below because of evidence that's outside the record and that we've moved to strike, and that's the VA handbook that they've cited for the first time. In the red brief, it says the maximum allowable penalty for violation of the privacy policy could be removal. That's not something that either the agency or the administrative judge addressed below. Is your position that a remand would be appropriate for the agency to have this addressed below? Yes, Judge Newman. We think at least a remand is necessary because the administrative judge did not do as Sayers requires, which is to determine whether the penalty as part of the decision is supported by substantial evidence. I think we would argue that there's no evidence in the record on which the administrative judge could do that, and so reversal would also be appropriate, but remanding for the administrative judge to determine for himself that there is no evidence in the record on which he could find substantial evidence to support removal under these circumstances. You're saying that there was no argument before the MSPV that the penalty was inappropriate? The only evidence of record at the board related to the charges that were not sustained. If you look to the removal notice, it refers to deceitful actions and lack of cooperation. Those can only refer to the charges that were dropped, in particular Mr. Harrington's decision not to cooperate with the investigation and the voicemail that was not sustained. Did you argue before the board that the penalty was not supported by substantial evidence under 714? Mr. Harrington argued before the board that the penalty was unreasonable in light of, for example, his belief that he was providing information that was already provided. It's undisputed that the information he provided had already been authorized for release and in fact been provided to Mr. Hooker. For example, Your Honor, that's reflected in the record at A94 through 96. For example, that's a record of Mr. Harrington's oral response to the removal notice. Mr. Harrington's response itself is located in the record at A100 through A112. In particular, in the record at A111, he says he thought it was okay to share the photo. His representative at the board for the oral response to the charges stated that the penalty was excessive in light of the circumstances. Again, the circumstances being the information that was shared had already been authorized for release and was in fact released to Mr. Hooker. There was testimony at the MSBB hearing before the administrative judge that the information that was shared was in fact identical to the information that had previously been released through the FOIA request. We have a situation here in which it would seem that at least a remand would be required to consider whether under 714 the penalty was supported by substantial evidence. But you're arguing, as I understand it in your 28J letter, that we should go further and direct the AJ to consider this case under the pre-714 law, an issue which was not raised previously. Am I correct in that? I don't think we've argued the latter, Your Honor, that you should direct the administrative judge to consider the applicability of a different administrative proceeding that was in existence at the time the infraction or the alleged infraction occurred. I think the agency should be entitled to make that determination for itself, but that's not something that we're arguing that the Federal Circuit should instruct the agency to do. I'm confused. I thought that you had now discovered that under Sayers that this case should be adjudicated under the pre-714 law. I think that's right, Your Honor. In the 28J letter, I was attempting to be careful to say it was another reason confirming that this case has to be remanded. Yeah, but the question is, when it's remanded, should it be addressed under 714 or pre-714 law? Our hope would be that the administrative judge recognizes that 714 was improperly applied to Mr. Harrington in light of the date of the only infraction that was upheld. But, as you noted, that's not something that we raised in our opening brief. At the very least, the administrative judge, if this court or the administrative judge concludes that 714 properly applies to Mr. Harrington, at the very least, the administrative judge has to determine whether the penalty imposed is supported by substantial evidence. Well, that would appear to be the case, but I'm confused as to what you want us to do. Do you want us to tell the Board to apply 714 and test it for substantial evidence under Sayers, or do you want us to tell them to adjudicate this case under the old law? If you're asking what we would like, our ideal outcome is that you instructed the administrative judge to apply the pre-714 procedures that were in place at the time Mr. Harrington shared the photograph. I recognize, and as we said in our 20-minute letter, you have discretion to do that. This is Judge Hughes. I'm really confused by what you're arguing, too. Putting aside any possibility of waiver, because I know you didn't raise a lot of this stuff in your brief, let's just assume we're not going to find waiver. You spent most of the beginning of your argument talking about properly judging this under 714, but it seems to me that Sayers said, for conduct that occurred prior to enactment of 714, it can't be applied. So, aren't you asking us to tell the administrative judge to apply that rule for conduct that occurred prior to enactment, which is all of the relevant conduct of Mr. Harrington, I think? 714 can't be applied at all, not to apply it under the correct Sayers interpretation. Yes, Judge Hughes, and I apologize if I haven't been clear. And then there's a question of what that means to tell the administrative judge to apply the pre-Sayers law, because it seems to me to be an open question, and Sayers didn't decide whether the administrative judge can kind of sui sponte convert this to a Chapter 75 action, or whether it has to go back to the agency in the first instance to determine whether to charge Mr. Harrington for this alleged misconduct under Chapter 75 procedures. Do you have a view on that? Yes, Judge Hughes. If the court does not find waiver, we think the court should remand with instructions for the administrative judge to consider the applicability of Sayers and the retroactivity issue. My view on how that should go is, instead of converting it to some additional proceeding or trying to apply the old standard using the record that is before the administrative judge, the administrative judge should remand for some sort of an assessment under the applicable provision that was in place at the time that Mr. Harrington shared the photograph. In other words, your view is it has to go back to the agency to be adjudicated under the pre-714 law? That is our position. If the court does not find waiver, we don't think the court should find waiver, because the proper resolution here is beyond doubt. There's no dispute that the only sustained charge occurred a couple weeks prior to the enactment of Section 714. Am I correct that Mr. Harrington was not represented at the board? By counsel. That's correct, Your Honor. To be 100% clear, I think at the very beginning of when the proceeding started, he may have been represented, but by the time, very shortly thereafter, and certainly by the time of trial, he was proceeding pro se. Wait a moment. He was represented before the agency, but not for the entire period of the board proceeding? I'm sorry, what are you saying? I think there may have been one filing in the very beginning of the MSPB proceedings where he had counsel, but I think counsel dropped out. We're asking about the agency proceedings. Did he have counsel before the agency? My understanding is no, with the caveat that there was, I think, a union representative present at the time that Mr. Harrington gave his oral response to the removal notice. But Mr. Harrington, based on the filings and the agency, was filing these things on his own. Okay, let's hear from the government, and we'll save you a rebuttal then. Thank you, Your Honor. Thank you, Judge Unum. Mr. Kucera. Thank you, Your Honor, and good morning, and may it please the court. Turning first to the issue of retroactive... Do you agree that at a minimum we have to send this case back to the board for adjudication under the Sayers standard, the Sayers interpretation of 714? Yes, Your Honor. With the caveat, as we mentioned in our response to the 28-J letter, our position is that the issue of retroactivity has been waived in this case. Well, let's assume it's not waived. I'm sorry, Your Honor? Let's assume it's not waived and get directly to the point. Okay. In that case, Your Honor, then yes. If we're assuming that the issue of retroactivity is not waived, then the infraction which occurred in this case took place prior to the enactment of Section 714, which would counsel a remand to the board to consider the proper standard under Sayers. Wouldn't it have to go back to the agency to have the agency apply the old law instead of 714? Well, Your Honor, I think that's certainly a possibility. I think the issue would be, as was mentioned earlier, whether or not it would be proper for the board to consider the pre-714 standard based on the facts that are already in the record. Assuming that it could not do that, then yes, it would have to go back to the agency for further consideration of that pre-714 standard. Do you have any support for the notion that the board could sua sponte convert what was done under Chapter 714 to a Chapter 75 action? Given the date of the Sayers decision and the recency of Section 714, no, Your Honor, we do not. Given that it's different, it's not just different standards for whether we assess penalty or not. It's a different standard of review by the board of the underlying conduct, too. Doesn't it make more sense for the agency to decide in the first instance what it wants to charge, how it wants to charge it, and what penalty it wants to impose? Since it's going to have a higher preponderance standard of proof at the board and its penalty is going to be assessed under the Douglas factors rather than the much more deferential standards under 714, why wouldn't that caution against having the board decide this without getting the agency's take on this in the first place? Yes, Your Honor, I understand the difference in the higher standard with the preponderance. The only thing I would point out specific to the facts of this case are that the underlying conduct with regard to the taking of the photograph and the sending it to the unauthorized personnel is not in dispute. So, in terms of the agency meeting that burden, the facts of the case have effectively already been conceded. Sure, but we don't know if the agency considers, once its penalty determination is going to be subject to Douglas, whether it thinks it can sustain a removal or whether it should charge something less. Do we know if Mr. Harrington has a past record of misconduct or other disciplinary action? No, Your Honor, but what I would point the court to is in the appendix at page 345. The agency did lay out its position, particularly with regard to the issue of the nature of the offense and as well as the nature of Mr. Harrington's employment as a law enforcement officer. And the fact that the offense that was committed and how it related to that employment was what the agency used to select the penalty in the first place. So, yes, it's correct that they would have to consider whether or not they could sustain that charge under the Chapter 75 standard. However, given the agency's position... But since, sorry to interrupt, the time is short, but since this was proceeding under Chapter 714, even though there was some allusion to all of this, the deciding official didn't undertake the traditional Douglas factors analysis, did they? No, Your Honor. Okay, thanks. So one other question. Given the fact that you agree that at a minimum this has to go back for correct application of 714 under Sayers, why should we hold the petitioner here to a waiver on the retroactivity point?  Or it seems to me, since we're going to have to send it back anyway, that we might as well direct the board to apply the correct law. Well, Your Honor, the waiver issue stems from the fact that, as has been discussed, it wasn't raised in Mr. Harrington's brief. And early on in this case, the government asked the court to stay the proceedings until Sayers was resolved. And Mr. Harrington opposed that motion on the grounds that Sayers would not resolve this case. And prior to – so that motion came after the filing of Mr. Harrington's opening brief. But even prior to the filing of his brief, the Sayers briefing and argument had already concluded. I don't think you're really – you're not addressing my question. You agree – you agreed, the first thing in your argument, that we have to send this back for re-adjudication under the correct 714 standards. But you're arguing that we should not at the same time order that the board apply the correct law, that is, the pre-714 law. Since we have to remand it anyway, why wouldn't we tell the board to apply the pre-714 law, which is the correct law in the circumstances of this case? Well, I'm sorry, Your Honor, just to be clear, we're – our position is that the retroactivity issue has been waived. And that that was the dispositive issue in Sayers. And in light of Judge Newman's question earlier to, you know, assume that waiver – that waiver did not apply and that Sayers was in effect, then yes, the facts of this case line up with Sayers. Wait, can I interrupt you a minute? I think I hear what you're arguing, and I just want to make sure. Are you saying that because Sayers turned on the waiver issue that the rest of the opinion concerning whether or not you can review the penalty determination as part of the substantial evidence review is dicta? It's – given the statements in Sayers that retroactivity was how it was being ruled upon, it's possible to read it that way, Your Honor. However, the – Do you think that issue is squarely before us in this case? Your Honor, given the chance – Would it be dicta again if we decided that the penalty had to be reviewed, but it still can't be applied here because it's retroactive? Your Honor, given that we didn't have a chance to brief that issue as it pertains to this particular case and these facts, as Sayers came out following the briefing and that it wasn't raised until Mr. Harrington's 28-J letter last month, we've – the government really hasn't had a – You did have the opportunity to respond to the 28-J letter, and you decided for whatever reason to limit it to a waiver argument rather than address the merits of Sayers head-on, so why shouldn't we hold you to that? Well, again, Your Honor, because the – we're focusing on the retroactivity issue. Okay, but let me ask you the same question I started out with. At a minimum, do you agree that we have to remand this case to the board because the board applied the wrong standard under 714? If the court were to hold the retroactivity issue as waived and looking at the standard of 714 – Answer my question. At a minimum, don't we have to remand to have the board consider this case under the proper 714 standard? Yes, Your Honor. Okay. I don't find that the retroactivity issue has been waived, and to issue a decision consistent with such a finding and with Sayers. Thank you very much, Your Honors. Any more questions for Mr. Kutura? Okay. Hearing none, Mr. Fowler, you have your rebuttal. Mr. Fowler, can you hear me? I'm sorry, Your Honor. I was on mute. Given the concession that this has to go back at least for proper application of 714, we would respectfully ask the court to exercise its discretion to find the retroactivity issue not waived and direct the board to consider that standard, particularly given that the proper application of it is beyond doubt given the concession that the agency just made that the only sustained misconduct, alleged misconduct, occurred prior to the enactment of 714. I will just respond briefly to one question that was asked. Mr. Harrington did not have any prior disciplinary record. He was a federal police officer for 12 years and had what I understand to be very good performance reviews. So there is reason to think that a Douglas factors analysis, whether in the context of 714 or in the context of Chapter 75, would have changed the result here. So if there are no further questions, I will rest on that. Okay. Any more questions? Any questions for Mr. Fowler? Hearing none, thank you. Thanks to both counsel. The case is taken under submission.